**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CITY OF TITUSVILLE, FLORIDA,**

            **Plaintiff,**

**-vs-**                             **Case No. 6:05-cv-1574-Orl-19KRS**

**LEXINGTON INSURANCE COMPANY,**
**AIG INSURANCE SERVICES, INC.,**

            **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANT'S MOTION TO COMPEL BETTER ANSWERS TO INTERROGATORIES AND REQUEST FOR PRODUCTION (Doc. No. 52)
>
> **FILED:** June 21, 2006
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Defendant Lexington Insurance Company (Lexington) seeks an order compelling Plaintiff City of Titusville (City) to provide more complete answers to certain interrogatories and to produce documents responsive to requests for production of documents.

Pursuant to the Amended Case Management and Scheduling Order, the City was required to file a response to this motion within eleven days after it was served, plus three days for mailing time.

Doc. No. 48 at 6 n.1. The City has not filed a response to the motion as of the writing of this order, and the time for doing so has passed. Therefore, I treat the motion as unopposed.[1]

Accordingly, it is **ORDERED** that, on or before July 28, 2006, the City shall provide supplemental sworn answers to Lexington's interrogatories numbered 4, 5, 6, 7, 8, 9, 11, 14, 15, 16, 17, 18, and 19. The City's objections to these interrogatories as ambiguous, overly broad, burdensome, and vague may not be relied upon in the supplemental answers because the City failed to respond to the motion to compel with evidence and legal authority supporting those objections. To the extent that the City claims that privileges or protections apply to any of the information sought, the City must assert those objections to each item of information withheld in a privilege log served with its supplemental sworn answers to these interrogatories. Finally, in its supplemental answers, the City may not simply refer to documents because it did not establish that the requirements of the "Option to Produce Business Records," Fed. R. Civ. P. 33(d), applies in this case.

It is further **ORDERED** that, on or before July 28, 2006, the City shall produce documents responsive to Lexington's request for production of documents. To the extent that the City raised objections other than privileges and protections, those protections are now unavailing as a result of the City's failure to support those objections with evidence and legal authority in response to the motion to compel. To the extent that the City asserts that responsive documents, or portions thereof, are privileged or protected, it must assert those objections as to each document or portion thereof withheld from production in a privilege log served on or before July 28, 2006.

---

[1] Counsel for the City filed a notice that he would be unavailable from July 10 to July 14, 2006. The response to the present motion was due before July 10, 2006.

The privilege logs produced by the City, if any privileges or protections are asserted, must identify each document or item of information withheld pursuant to a claim of privilege or protection by date, author, recipients (including recipients of copies), specific privilege or protection claimed and must describe the subject matter of each document or item of information withheld in sufficient detail to permit opposing counsel and the Court to assess the applicability of the claimed privilege or protection. Fed. R. Civ. P. 26(b)(5); *Golden Trade S.r.L. v. Lee Apparel Co.*, Nos. 90 Civ. 6291 (JMC), 90 Civ. 6292 (JMC) and 92 Civ. 1667 (JMC), 1992 WL 367070, at *5, (S.D.N.Y. Nov. 20,1992) (quoting *von Bulow v. von Bulow*, 811 F.2d 136, 144 (2d Cir.1987)). The privilege log must be adequate on its face to establish *prima facie* support for the claimed privilege or protection.

**DONE** and **ORDERED** in Orlando, Florida on July 14, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties